862 F.2d 316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul ADAMS, Lavern Bettinger, Lavern Brockman, Thomas Budde,
Gene Buschur, Richard L. Faller, Thomas F. Hendrick, Donald
W. Kaiser, Louis W. Keiser, Paul L. Klingshirn, Jerry E.
Knapke, Robert U. Link, Thomas A. Mescher, Joan Myers,
Joseph U. Rose, Lavern E. Schmit, Robert L. Weitzel,
Plaintiffs-Appellees, Cross-Appellants,
v.
AVCO CORPORATION; Avco Corporation Retirement Income Plan
for Salaried Employees, IRS Plan No. PN # 001; Avco
Corporation Group Insurance Plan for Salaried Employees, IRS
Plan No. PN # 509; Avco Corporation Severance Pay Plan
d/b/a Avco/New Idea Policy--Salaried Personnel P-SP No. 14,
Defendants- Appellants, Cross-Appellees.
 Nos. 87-3830, 87-3831.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants appeal and plaintiffs cross-appeal the district court's order which granted the plaintiffs' motion for partial summary judgment. For the following reasons, we affirm in part, reverse in part and remand.
 
 I.
 
 2
 In July of 1984, plaintiffs/cross-appellees, seventeen ex-employees of Avco Corporation ("Avco") were terminated from their employment when Avco sold one of its divisions ("Division") to Allied Products Corporation ("Allied"). When Avco sold the Division, all but one of the terminated employees were subsequently employed by Allied. Pursuant to Avco's Severance Pay Plan, the employee who was not hired by Allied received severance pay from Avco; however, none of the other terminated employees received severance benefits. After the employees complained that they also were entitled to severance pay under the Plan, Avco responded that the severance pay provisions applied only to workers who suffered a period of unemployment. The employees argued, however, that since the Plan provisions did not contain the word "unemployment," unemployment was not a prerequisite for receiving severance benefits.
 
 
 3
 When Avco sold the Division to Allied, Avco's Retirement Plan provided for normal retirement at age 65 and for early retirement between the ages of 55 and 65 for employees who had 10 years of service with Avco. While none of the employees were eligible for early retirement when they worked for Avco, several of them became eligible and elected to receive early retirement benefits after they began working for Allied. Avco contends that if the employees had still been employed by Avco, they would have been eligible for an 85% early retirement benefit. However, since they no longer worked for Avco, Avco determined that they were entitled to only an actuarially equivalent retirement pension which was reduced by 50%.
 
 
 4
 The plaintiffs-appellants filed an action against Avco and its Severance Pay and Retirement Plans ("Plans") in the United States District Court for the Northern District of Ohio. The employees presented eleven claims in their complaint which essentially alleged that Avco breached certain provisions of the Plans by denying them severance pay and retirement benefits.
 
 II.
 A.
 
 5
 The district court found that the five state law claims were preempted by federal law. We agree with the district court and affirm the court's ruling that these claims are preempted. See Pilot Life Ins. Co. v. Dedeaux, 107 S.Ct. 1549, 1555 (1987); Varhola v. Doe, 820 F.2d 809, 817 (6th Cir.1987).
 
 B.
 
 6
 The district court, relying on the principle that courts should not substitute their judgment for the judgment of trustees of a pension fund, upheld Avco's interpretation of the severance policy provisions. In doing so, the court dismissed Count II of the employee's complaint. As the district court correctly noted, decisions of fund administrators to deny benefits must be affirmed unless the decision was arbitrary, capricious, in bad faith, erroneous as a matter of law or unsupported by substantial evidence. See Adcock v. Firestone Tire and Rubber Co., 822 F.2d 623, 626 (6th Cir.1987); Blakeman v. Mead Containers, 779 F.2d 1146, 1149 (6th Cir.1985). Because we agree with the district court's conclusion that Avco's interpretation of the severance policy provision does not meet this standard, we affirm the dismissal of Count II.
 
 C.
 
 7
 The district court agreed with the employees' claim that p 6.2 of Avco's Retirement Plan (which relates to early retirement) rather than p 11.5 of the Plan (which governs terminated employees) applied to the employees. In doing so, the court denied Avco's motion for summary judgment on Count VII and awarded attorney's fees and costs based on that count.
 
 
 8
 This court has held that if a provision in a plan is "susceptible to two interpretations ... the Board's interpretation should be upheld even though the court disagrees with it, so long as the Board's interpretation is rationally related to a valid plan purpose and is not contrary to the plain language of the Plan." Cook v. Pension Plan for Salaried Employees, 801 F.2d 865, 870 (6th Cir.1986). Although Avco's Retirement Plan can be interpreted as providing terminated employees retirement benefits pursuant to p 6.2, as the employees argue, we find that Avco's interpretation is not contrary to the language of the Retirement Plan provisions. Thus, we reverse the district court's finding that Avco's interpretation of the retirement provisions was arbitrary and capricious and we reverse the district court's award of attorneys fees and costs. We hold that the employees were entitled to an actuarially equivalent pension reduced by 50% as provided by p 11.5 of the Plan rather than an 85% early retirement pension as provided by p 6.2 of the Plan.
 
 D.
 
 9
 The district court dismissed the plaintiff's remaining claims which alleged various violations of ERISA's disclosure provisions. For the reasons stated by the district court, we affirm the dismissal of these claims.
 
 III.
 
 10
 For the reasons stated above, we AFFIRM in part, REVERSE in part and remand to the district court with instructions to dismiss the action.